IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| JOSE C. LOPEZ, § | |
| § | |
| Petitioner, § | |
| § | |
| V. § | CIVIL ACTION NO. H-06-3020 |
| § | |
| NATHANIEL QUARTERMAN, TEXAS § | |
| DEPARTMENT OF CRIMINAL § | |
| JUSTICE, CORRECTIONAL § | |
| INSTITUTIONS DIVISION, § | |
| § | |
| Respondent. § | |

**MEMORANDUM AND RECOMMENDATION GRANTING
RESPONDENT'S MOTION FOR SUMMARY JUDGMENT**

Before the Magistrate Judge in this proceeding brought pursuant to 28 U.S.C. § 2254 is Respondent's Motion for Summary Judgment (Document No. 7) against Petitioner's Federal Application for Writ of Habeas Corpus (Document No. 1). Having considered the motion, the response in opposition (Document No. 12), the claims raised by Petitioner in his § 2254 Application (Document No. 1), the summary judgment evidence, and the applicable law, the Magistrate Judge RECOMMENDS, for the reasons set forth below, that Respondent's Motion for Summary Judgment (Document No. 7) be GRANTED, that Petitioner's Federal Application for Writ of Habeas Corpus (Document No. 1) be DENIED, and that this case be DISMISSED WITH PREJUDICE.

**I.      Introduction and Procedural History**

Jose C. Lopez ("Lopez") is currently incarcerated in the Texas Department of Criminal Justice, Correctional Institutions Division, as a result of a 2003 felony conviction in the 232nd District Court of Harris County, Texas, for aggravated sexual assault, Cause No. 932220. Lopez was

charged by indictment with that offense on January 13, 2003, was found guilty by a jury on July 1, 2003, and was sentenced to ninety-nine (99) years incarceration. His conviction was affirmed on appeal on May 12, 2005. *Lopez v. State*, No. 11-03-00250-CR. Lopez' petition for discretionary review was refused on November 2, 2005.

On June 5, 2006, Lopez filed a state application for writ of habeas corpus. That application was denied by the Texas Court of Criminal Appeals on August 16, 2006, on the findings of the state trial court without a hearing. *Ex parte Lopez*, Application No. WR-65,419-01. This § 2254 proceeding, filed by Lopez on or about September 25, 2006, followed. Respondent has filed a Motion for Summary Judgment (Document No. 7), to which Lopez has filed a response in opposition (Document No. 12). This § 2254 proceeding is therefore ripe for ruling.

**II.    Factual Background**

The factual background, as set forth by the Texas Court of Appeals in its written opinion affirming Lopez' conviction is as follows:

> The record shows that the victim is [Lopez'] biological daughter. In a delayed outcry, the victim reported that [Lopez] began sexually abusing her when she was about 8 years old. At trial, the victim testified that [Lopez] started sexually abusing her when she was 8 years old and that he continued doing so until the victim moved into a shelter at age 19. The victim testified that, when the abuse started, [Lopez] "would just start touching a breast, rubbing my vagina, rubbing of his hand." According to the victim, [Lopez] "would put his finger and start rubbing it around. He would rub it and I would squirm. I would move around. Sometimes it hurt." [Lopez] also made the victim rub his penis with her hand. Additionally, the victim testified that [Lopez] had made her "suck on [his penis] until [she] had white stuff in [her] mouth." The victim testified that [Lopez] began having anal intercourse with her when she was 14 or 15 years old and that [Lopez] had attempted to have vaginal intercourse with her.

> [Lopez] denied ever touching his daughter in a "sexually improper" way. In support of his argument on appeal, [Lopez] relies on the victim's answer that she was "13, 14" and that she was not sure how old she was "when that started." Although the prosecutor had resumed the topic of digital penetration when she asked "when that started," it is not clear that the victim was referring to digital penetration when she answered the question.
>
> Furthermore, the victim subsequently discussed in detail one occasion that occurred when she was close to nine years old. The victim testified that her mother took her little sister to Mexico to be baptized. The victim could not go because she had no visa. One night, [Lopez] told her to sleep in his room. [Lopez] touched her breasts, touched her vagina under her clothes with his fingers, and put her vagina in his mouth and licked it. The expert testimony established that the female sexual organ is "anything that's past the labia majora, which is the fatter outer lips that serve as a barrier." Consequently, if [Lopez's] finger went past the labia majora and touched the vagina, it penetrated the victim's female sexual organ.

*Lopez v. State*, No. 11-03-00250-CR at 2-3.

### III.   Claims

Lopez raises six inter-related claims in his § 2254 application:

1. that the State utilized perjured testimony from the victim to obtain his conviction;

2. that he was denied due process and the jury engaged in misconduct when it found him guilty in the absence of evidence supporting every element of the offense;

3. that he is actually innocent of the offense of which he was convicted;

4. that he was denied effective assistance of counsel on appeal;

5. that he was denied effective assistance of counsel at trial; and

6. that the prosecution engaged in misconduct.

Lopez raised each of these claims in his state application for writ of habeas corpus. The Texas Court of Criminal Appeals, in denying Lopez' state application, rejected each of Lopez' claims on the merits. *See Ex Parte Torres*, 943 S.W.2d 469, 472 (Tex. Crim. App. 1997) (denial of a state

application for writ of habeas corpus denotes that Texas Court of Criminal Appeals addressed and rejected the merits of an applicant's claims).

Respondent argues in his Motion for Summary Judgment that no relief is available to Lopez on claims 1-5 under § 2254(d) because the Texas Court of Criminal Appeals' adjudication of Lopez' claims was not contrary to or an unreasonable application of clearly established Federal law as established by the Supreme Court of the United States nor was it based on unreasonable determination of the facts in light of the evidence presented in the state court proceeding. As for claim 6, Respondent argues that because the Texas Court of Criminal Appeals found the claim to be procedurally barred from review in the state habeas proceeding, it is likewise procedurally barred from review herein.

### IV.  Standard of Review

####    A.    § 2254(d)

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), when a claim presented in a federal habeas corpus proceeding has already been adjudicated on the merits in a state proceeding, federal review is limited. 28 U.S.C. § 2254(d) provides:

> (d) An application for writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> >
> > (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

4

"For purposes of 28 U.S.C. § 2254(d)(1), clearly established law as determined by [the Supreme] Court 'refers to the holdings, as opposed to the dicta, of th[e] Court's decisions as of the time of the relevant state-court decision.' " *Yarborough v. Alvarado*, 541 U.S. 652, 660-61 (2004) (quoting *Williams v. Taylor*, 529 U.S. 362, 412 (2000)).

"[A] decision by a state court is 'contrary to' [the United States Supreme Court's] clearly established law if it 'applies a rule that contradicts the governing law set forth in [Supreme Court] cases' or if it 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme Court] and nevertheless arrives at a result different from [its] precedent.'" *Price v. Vincent*, 538 U.S. 634, 123 S. Ct. 1848, 1853 (2003) (quoting *Williams*, 529 U.S. at 405-406). A state court decision involves an "unreasonable application of" clearly established federal law "if the state court identifies the correct governing legal principle from the Supreme Court's decision but unreasonably applies that principle to the facts of the prisoner's case." *Williams*, 529 U.S. at 413. But "'a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the state-court decision applied [a Supreme Court case] incorrectly. Rather, it is the habeas applicant's burden to show that the state court applied [that case] to the facts of his case in an objectively unreasonable manner.'" *Price*, 538 U.S. at 641 (quoting *Woodford v. Visciotti*, 537 U.S. 19, 24-25, 123 S. Ct. 357 (2002)).

As for factual issues, "the AEDPA precludes federal habeas relief unless the state court's decision on the merits was 'based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.'" 28 U.S.C. § 2254(d)(2) (2000). In addition, the state court's factual determinations carry a presumption of correctness; to rebut them, the petitioner must present clear and convincing evidence to the contrary. 28 U.S.C. § 2254(e)(1) (2000). *Smith*

*v. Cockrell*, 311 F.3d 661, 667 (5th Cir. 2002), *cert. dism'd,* 124 S.Ct. 1652 (2004).

Under § 2254(d), once a federal constitutional claim has been adjudicated by a state court, a federal court cannot conduct an independent review of that claim in a federal habeas corpus proceeding. Rather, it is for the federal court only to determine whether the state court's decision was contrary to or involved an unreasonable application of clearly established federal law, as determined by the Supreme Court of the United States, and whether the state court's decision was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. *Woodford*, 534 U.S. at 27 ("The federal habeas scheme leaves primary responsibility with the state courts for these judgments and authorizes federal-court intervention only when a state-court decision is objectively unreasonable."). Whether a federal habeas court would have, or could have, reached a conclusion contrary to that reached by the state court on an issue is not determinative. In addition, the correctness of the state court's decision is not determinative. As instructed by the Supreme Court in *Wiggins v. Smith*, 539 U.S. 510, 123 S.Ct. 2527, 2535 (2003), "[i]n order for a federal court to find a state court's application of our precedent 'unreasonable,' the state court's decision must have been more than incorrect or erroneous. . . . The state court's application must have been 'objectively unreasonable.'" (citations omitted). Moreover, it is the state court's ultimate decision that is to be reviewed for reasonableness, not its reasoning. *Neal v. Puckett*, 286 F.3d 230, 244-46 (5th Cir. 2002), *cert. denied*, 537 U.S. 1104 (2003); *Pondexter v. Dretke*, 346 F.3d 142, 148-9 (5th Cir. 2003), *cert. denied*, 541 U.S. 1045 (2004).

### B.    State Law Procedural Bar

Federal courts are precluded from considering claims which were rejected by the last state court to have considered them on the basis of a state procedural default. *Coleman v. Thompson*, 501

U.S. 722, 730 (1991); *Harris v. Reed*, 489 U.S. 255, 263 (1989). In order for a state court's rejection of a habeas claim to act as a procedural bar to review in a federal habeas proceeding, the state court must, in a plain statement, determine that its rejection of the claim rests on adequate and independent state procedural grounds. *Harris*, 489 U.S. at 261; *Michigan v. Long*, 463 U.S. 1032, 1042 (1983). Once a state court has relied on a procedural default for rejecting a habeas claim, a federal court in a federal habeas proceeding cannot review such a claim unless the petitioner shows cause and prejudice associated with the default or shows that absent a review of the claim by a federal court a fundamental miscarriage of justice will result. *Coleman*, 501 U.S. at 750. A fundamental miscarriage of justice occurs when a "'constitutional violation has probably resulted in the conviction of one who is actually innocent.'" *Sawyer v. Whitley*, 945 F.2d 812, 816 (5th Cir.) (quoting *Murray v. Carrier*, 477 U.S. 478, 496 (1986)), *cert. granted*, 502 U.S. 965 (1991), *and aff'd*, 505 U.S. 333 (1992).

V.   **Discussion**

   A.   **Perjured Testimony Claim**

In his first claim, Lopez contends that the State utilized perjured testimony from the victim (Lopez' daughter) to obtain his conviction. According to Lopez, the victim lied about who "took her virginity," having first told the police that it was Lopez and then testifying at trial that it was her boyfriend, Scott Fordham.

"[A] conviction obtained by the knowing use of perjured testimony is fundamentally unfair, and must be set aside if there is any reasonable likelihood that the false testimony could have affected the judgment of the jury." *United States v. Agurs*, 427 U.S. 97, 103 (1976). To be entitled

7

to relief on a claim that the State used perjured testimony, it must be shown (1) that the evidence presented was false; (2) that the evidence was material; and (3) that the prosecution knew that the evidence was false. *United States v. Blackburn*, 9 F.3d 353, 357 (5th Cir. 1993), *cert. denied*, 513 U.S. 830 (1994); *Shaw v. Estelle*, 686 F.2d 273, 275 (5th Cir. 1982), *cert. denied*, 459 U.S. 1215 (1983). The use of perjured testimony is material "only where 'the false testimony could in any reasonable likelihood have affected the judgment of the jury.'" *Knox v. Johnson*, 224 F.3d 470, 478 (5th Cir. 2000) (quoting *Giglio v. United States*, 405 U.S. 150, 154 (1972)), *cert. denied*, 532 U.S. 975 (2001). "'To say that an error did not contribute to the verdict is, rather, to find that error unimportant in relation to everything else the jury considered on the issue in question, as revealed by the record.'" *United States v. O'Keefe*, 128 F.3d 885, 894 (5th Cir. 1997), *cert. denied*, 523 U.S. 1078 (1998) (quoting *Yates v. Evatt*, 500 U.S. 391, 403 (1991)). Discrepancies in testimony alone do not establish the knowing use of perjured testimony. *Valles v. Lynaugh*, 835 F.2d 126, 127 (5th Cir. 1988); *see also Kutzner v. Johnson*, 242 F.3d 605, 609 (5th Cir. 2001) ("Conflicting or inconsistent testimony is insufficient to establish perjury.").

In rejecting Lopez' perjured testimony claim, the Texas Court of Criminal Appeals found that Lopez had failed "to allege sufficient facts which, if true, would show that perjured testimony occurred at his trial." *Ex parte Lopez*, Application No. WR-65,419-01 at 47. That rejection of Lopez' perjured testimony claim is not contrary to or unreasonable application of clearly established Federal law as determined by the Supreme Court, nor was it based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings.

The victim, Dewi Lopez-Vazquez, testified at trial that her father began sexually abusing her when she was about eight years old. She testified that the abuse began with touching, but progressed

over the years to fellatio and anal intercourse. She also testified that Lopez never had vaginal intercourse with her. As to her "virginity," the victim testified that she had vaginal intercourse for the first time with her boyfriend, Scott Fordham, and that it was consensual. She also testified that she had previously told the police that her father had taken her virginity because "he did try and take my virginity. He did penetrate me a little bit." S.F.Vol. 3 at 103. Based on this testimony, and Lopez' failure to show that Dewi gave false testimony that was material – that is, that could have affected the judgment of the jury – Lopez' perjured testimony claim fails under § 2254(d).

### B.     Jury Misconduct/Insufficient Evidence Claim

In his next claim Lopez maintains that the jury engaged in misconduct when it found him guilty in the absence of any evidence of penetration. According to Lopez, there was no evidence, or insufficient evidence, that he penetrated the female sex organ of the victim when she was younger than fourteen years of age, an essential element to be proven to support a conviction for aggravated sexual assault.[1]

Under Texas law, a person commits the offense of aggravated sexual assault if: "the person intentionally or knowingly causes the penetration of the anus or sexual organ of a child by any means" and "the victim is younger than 14 years of age." *See* TEX. PENAL CODE § 22.021(a)(1)(B)(i)

---

[1] Respondent argues that Lopez' insufficient evidence claim is procedurally barred from review because Lopez did not raise a legal sufficiency claim in his petition for discretionary review, and because the Texas Court of Criminal Appeals specifically found Lopez' legal sufficiency claim not cognizable in the state habeas proceeding. Respondent's procedural bar argument has merit. Because the Texas Court of Criminal Appeals expressly denied relief on Lopez' insufficient evidence claim on the basis that the claim was not cognizable, *see Ex Parte Lopez*, Application No. WR-65-419-01 at 47, the Texas court's rejection of the sufficiency of the evidence claim rests on an adequate an independent procedural ground. *See e.g. Caldwell v. Dretke*, 2005 WL 1962599 (S.D. Tex. 2005); *Moore v. Dretke*, 2005 WL 1773615 (S.D. Tex. 2005); *Havens v. Dretke*, 2005 WL 1150169 (N.D. Tex. 2005). As such, the claim is likewise procedurally barred from review herein, and is subject to dismissal on that alternative basis as well.

and (2)(B). "To obtain a conviction for aggravated sexual assault, the State must prove that the appellant (1) intentionally or knowingly (2) caused the penetration of the anus or sexual organ of a child by any means, and (3) the child was younger than fourteen years of age." *Lee v. State*, 186 S.W.3d 649, 655 (Tex. App.–Dallas 2006, pet. ref'd). Based on the evidence in the record, the Texas Court of Criminal Appeals' rejection of Lopez' jury misconduct/ insufficient evidence claim is not contrary to or an unreasonable application of clearly established Federal law as determined by the Supreme Court, nor was it based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings.

As noted by the Texas Court of Appeals in its decision affirming Lopez' conviction, there was evidence that Lopez did have sexual contact with the victim when she was younger than fourteen years old, and that such contact included digital penetration of the victim's female sexual organ. Taking that evidence in the light most favorable to the prosecution, with all credibility choices weighing in favor of the verdict, as is required when it is to be determined whether there was constitutionally sufficient evidence to support a conviction, *see Jackson v. Virginia*, 443 U.S. 307, 31925 (1979); *Bujol v. Cain*, 713 F.2d 112, 115 (5th Cir. 1983), *cert. denied*, 464 U.S. 1049 (1984); *United States v. Graves*, 669 F.2d 964, 969 (5th Cir. 1982), a reasonable jury could have found the existence of all of the elements of the aggravated sexual assault offense, including the element of penetration, beyond a reasonable doubt. Therefore, there was sufficient evidence to support Lopez' conviction and the jury did not engage in misconduct in finding him guilty. No relief is available on this claim under § 2254(d).

### C.     Actual Innocence Claim

In his third claim, Lopez contends that he is actually innocent of the aggravated sexual assault offense of which he was found guilty. Lopez argues that given the perjury of the victim, and the absence of any evidence of penetration of the victim when she was younger than fourteen, he is actually innocent of aggravated sexual assault.

"Supreme Court jurisprudence does not support an independent claim for federal habeas relief based on an allegation of actual innocence." *Dowthitt v. Johnson*, 180 F.Supp.2d 832, 843 (S.D. Tex. 2000) (Atlas, J.). A claim of actual innocence may, however, be a "'gateway through which a habeas petitioner must pass to have his otherwise barred constitutional claim considered on the merits.'" *Schlup v. Delo*, 512 U.S. 298, 316 (1995) (quoting *Herrera v. Collins*, 506 U.S. 390, 400 (1993)). To serve as such a "gateway", however, a petitioner must "support his allegations of constitutional error with new reliable evidence–whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial," and must demonstrate that "it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." *Schlup*, 513 U.S. at 324, 327.

Here, given the rejection of Lopez' perjured testimony and jury misconduct/insufficient evidence claims, Lopez has not stated a viable claim of actual innocence under either *Herrera* or *Schlup*.

### D.     Ineffective Assistance of Counsel Claims

In his next two claims, Lopez contends that his trial and appellate counsel were ineffective. With respect to trial counsel, Lopez states that counsel should have objected to the prosecution's misconduct, including its use of perjured testimony and its use of a surprise expert witness. As for

11

appellate counsel, Lopez maintains that he should have challenged on appeal the prosecution's misconduct, the prosecution's use of perjured testimony, the jury's alleged misconduct in finding him guilty without sufficient evidence of all the elements of the offense, and his alleged actual innocence.

Ineffective assistance of counsel claims are generally measured by reference to the clearly established federal law set forth by the Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984). Under *Strickland*, to be entitled to relief on an ineffective assistance of counsel claim, a petitioner must be able to show that his counsel was deficient and that the deficiency prejudiced him to the extent that a fair trial could not be had. *Id*. at 687. Deficiency is judged by an objective reasonableness standard, with great deference given to counsel and a presumption that the disputed conduct is reasonable. *Id.* at 687-689. The prejudice element requires a petitioner to "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* A petitioner has the burden to prove both the deficiency and the prejudice prongs in order to be entitled to relief. *United States v. Chavez*, 193 F.3d 375, 378 (5th Cir. 1999).

Under *Strickland*, judicial scrutiny of counsel's performance is highly deferential and a strong presumption is made that "trial counsel rendered adequate assistance and that the challenged conduct was the product of reasoned trial strategy." *Wilkerson v. Collins*, 950 F.2d 1054, 1065 (5th Cir. 1992) (citing *Strickland*), *cert. denied*, 509 U.S. 921 (1993). In order to overcome the presumption of competency, a petitioner "must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment." *Strickland*, 466 U.S. at 690. Under the

prejudice prong of *Strickland*, a petitioner must be able to establish that absent his counsel's deficient performance the result of his trial would have been different, "and that counsel's errors were so serious that they rendered the proceedings unfair or the result unreliable." *Chavez*, 193 F.3d at 378. "An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Strickland*, 466 U.S. at 691.

Constitutionally effective assistance of counsel under *Strickland* is not errorless counsel. The determination whether counsel has rendered reasonably effective assistance turns on the totality of facts in the entire record. Each case is judged in the light of the number, nature, and seriousness of the charges against a defendant, the strength of the case against him, and the strength and complexity of his possible defense. *Baldwin v. Maggio*, 704 F.2d 1325, 1329 (5th Cir. 1983), *cert. denied*, 467 U.S. 1220 (1984). The reasonableness of the challenged conduct is determined by viewing the circumstances at the time of that conduct. *Strickland*, 466 U.S. at 690-691. Counsel will not be judged ineffective only by hindsight. "The Sixth Amendment guarantees reasonable competence, not perfect advocacy judged with the benefit of hindsight." *Yarborough v. Gentry*, 540 U.S. 1, 124 S.Ct. 1, 6 (2003); *Rompilla v. Beard*, 545 U.S. 374, 125 S.Ct. 2456, 2462 (2005) ("hindsight is discounted").

Claims of ineffective assistance of appellate counsel are generally assessed under the same two part *Strickland* deficiency and prejudice standard as claims of ineffective assistance of trial counsel. *Williams v. Collins*, 16 F.3d 626, 635 (5th Cir.), *cert. denied*, 512 U.S. 1289 (1994). With respect to *Strickland's* deficiency prong, "[o]n appeal, effective assistance of counsel does not mean counsel who will raise every nonfrivolous ground of appeal available." *Green v. Johnson*, 160 F.3d

prejudice prong of *Strickland*, a petitioner must be able to establish that absent his counsel's deficient performance the result of his trial would have been different, "and that counsel's errors were so serious that they rendered the proceedings unfair or the result unreliable." *Chavez*, 193 F.3d at 378. "An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Strickland*, 466 U.S. at 691.

Constitutionally effective assistance of counsel under *Strickland* is not errorless counsel. The determination whether counsel has rendered reasonably effective assistance turns on the totality of facts in the entire record. Each case is judged in the light of the number, nature, and seriousness of the charges against a defendant, the strength of the case against him, and the strength and complexity of his possible defense. *Baldwin v. Maggio*, 704 F.2d 1325, 1329 (5th Cir. 1983), *cert. denied*, 467 U.S. 1220 (1984). The reasonableness of the challenged conduct is determined by viewing the circumstances at the time of that conduct. *Strickland*, 466 U.S. at 690-691. Counsel will not be judged ineffective only by hindsight. "The Sixth Amendment guarantees reasonable competence, not perfect advocacy judged with the benefit of hindsight." *Yarborough v. Gentry*, 540 U.S. 1, 124 S.Ct. 1, 6 (2003); *Rompilla v. Beard*, 545 U.S. 374, 125 S.Ct. 2456, 2462 (2005) ("hindsight is discounted").

Claims of ineffective assistance of appellate counsel are generally assessed under the same two part *Strickland* deficiency and prejudice standard as claims of ineffective assistance of trial counsel. *Williams v. Collins*, 16 F.3d 626, 635 (5th Cir.), *cert. denied*, 512 U.S. 1289 (1994). With respect to *Strickland's* deficiency prong, "[o]n appeal, effective assistance of counsel does not mean counsel who will raise every nonfrivolous ground of appeal available." *Green v. Johnson*, 160 F.3d

1029, 1043 (5th Cir. 1998), *cert. denied*, 525 U.S. 1174 (1999); *see also Ellis v. Lynaugh*, 873 F.2d 830, 840 (5th Cir.) ("The Constitution does not require appellate counsel to raise every nonfrivolous ground that might be pressed on appeal."), *cert. denied*, 493 U.S. 970 (1989). Rather, "[a]ppellate counsel is obligated to only raise and brief those issues that are believed to have the best chance of success." *Rose*, 141 F.Supp.2d at 704-705. "[O]nly when ignored issues are clearly stronger than those presented, will the presumption of effective assistance of counsel be overcome." *Gray v. Greer*, 800 F.2d 644, 646 (7th Cir. 1985) (cited with approval in *Smith v. Robbins*, 528 U.S. 259, 288 (2000)). As for *Strickland's* prejudice prong, "[p]rejudice results if the attorney's deficient performance would likely render either the defendant's trial fundamentally unfair or the conviction and sentence unreliable." *United States v. Dovalina*, 262 F.3d 472, 474 (5th Cir. 2001).

In rejecting Lopez' ineffective assistance of counsel claim(s), the Texas Court of Criminal Appeals concluded:

> [Lopez] fails to allege sufficient facts which, if true, would show that trial or appeal counsel's conduct fell below an objective standard of reasonableness and that, but for counsel's alleged deficient conduct, there is a reasonable probability that the result of the proceeding would have been different.
>
> Lopez fails to overcome the presumption that trial counsel's decision not to object was made in the exercise of reasonable professional judgment, and [Lopez] fails to meet his burden in showing that his attorney was ineffective for failing to object.
>
> [Lopez] fails to show that his appeal counsel's arguments fell below an objective standard of reasonableness or that the outcome of the case would have been different had counsel raised different issues.
>
> The totality of the representation afforded [Lopez] was sufficient to protect his right to reasonably effective assistance of counsel in the primary case.

*Ex parte Lopez*, Application No. WR-65,419-01 at 47-48 (citations omitted). This adjudication of Lopez' ineffectiveness claims is not contrary to or an unreasonable application of *Strickland* nor was

14

it based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

### 1. Trial Counsel

Lopez complains that trial counsel failed to object to the perjured testimony of the victim, and failed to object to the surprise expert witness called by the prosecution. Lopez also complains, without any argument or support, that counsel was ineffective for failing to object at certain points during trial. Lopez' complaints do not entitle him to any relief under *Strickland*. As set forth above, while there may have been some inconsistency between the victim's statement to police and her testimony at trial about who "took her virginity," Lopez' counsel questioned the victim, and other witnesses, about that inconsistency. In addition, the inconsistency was explained by the victim, and cannot, from the record, be characterized as perjury. As for the surprise medical expert, who testified as a rebuttal witness, the record shows that Lopez' counsel did object to Dr. Rambur testifying on the basis that Dr. Rambur was not on the prosecution's subpoena list. In response, the prosecutor pointed out that Dr. Rambur was on a later-filed subpoena list and was, in any event, a rebuttal witness. The trial court overruled counsel's objection. Lopez has not shown what more his counsel should have done, or that Dr. Rambur's testimony had any effect on the outcome of the trial. Finally, with respect to Lopez' conclusory claim that "objections" should have been made, Lopez has not stated what particular objections should have been made or how such objections would have affected the outcome of the trial. Thus, under both *Strickland* and § 2254(d), no relief is available on this claim.

### 2. Appellate Counsel

Lopez complains about appellate counsel's failure to raise the following issues on appeal: 1) the victim's perjured testimony, 2) the prosecution's misconduct, 3) the jury's alleged misconduct in finding him guilty without sufficient evidence of all the elements of the offense, and 4) Lopez' actual innocence. As set forth elsewhere herein, none of those claims has any merit, and appellate counsel was not ineffective within the meaning of *Strickland* for failing to raise those issues on appeal. Accordingly, no relief is available to Lopez on his ineffective assistance of appellate counsel claim under § 2254(d).

### E. Prosecutorial Misconduct Claim

In his final claim, Lopez alleges that the prosecution engaged in misconduct by offering the perjured testimony of the victim and by offering surprise expert testimony from Dr. Judy Rambur on the behavior of sexual abuse victims. Respondent argues in his Motion for Summary Judgment that Lopez' prosecutorial misconduct claim is procedurally barred from review.

In rejecting Lopez' prosecutorial misconduct claim, the Texas Court of Criminal Appeals expressly found that Lopez' failure to raise the claim in his direct appeal foreclosed review of the claim on the merits in his state habeas proceeding. *Ex Parte Lopez*, Application No. WR-65,419-01 at 48 ("Because [Lopez] failed to raise on direct appeal his instant claims of prosecutorial misconduct, [Lopez] is procedurally barred from raising the claim in the instant proceeding. *Ex parte Gardner*, 959 S.W.2d 189, 199 (Tex. Crim. App. 1998)"). Given that clear finding of a procedural bar in the state habeas proceeding and Lopez' failure to show cause and prejudice associated with his failure to properly raise a prosecutorial misconduct claim in his direct appeal, or that a fundamental miscarriage of justice will result of his claim is not considered on the merits,

Lopez' prosecutorial misconduct claim is likewise procedurally barred from review in this § 2254 proceeding.

## VI. Conclusion and Recommendation

Based on the foregoing and the conclusion that Lopez is either entitled to no relief in this proceeding under § 2254(d) or his claims are procedurally barred, the Magistrate Judge

RECOMMENDS that Respondent's Motion for Summary Judgment (Document No. 7) be GRANTED, that Petitioner's Federal Application for Writ of habeas Corpus (Document No. 1) be DENIED, and that this § 2254 proceeding be DISMISSED WITH PREJUDICE on the merits.

The Clerk shall file this instrument and provide a copy to all counsel and unrepresented parties of record. Within 10 days after being served with a copy, any party may file written objections pursuant to 28 U.S.C. § 636(b)(1)(C), FED. R. CIV. P. 72(b), and General Order 80-5, S.D. Texas. Failure to file objections within such period shall bar an aggrieved party from attacking factual findings on appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Ware v. King*, 694 F.2d 89 (5th Cir. 1982), *cert. denied*, 461 U.S. 930 (1983); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982) (en banc). Moreover, absent plain error, failure to file objections within the ten day period bars an aggrieved party from attacking conclusions of law on appeal. *Douglass v. United Services Automobile Association,* 79 F.3d 1415, 1429 (5th Cir. 1996). The original of any written objections shall be filed with the United States District Clerk, P.O. Box 61010, Houston, Texas 77208.

Signed at Houston, Texas, this 7th day of May, 2007.

Frances H. Stacy
United States Magistrate Judge